**Archie MOORE, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare, Defendant.**

**No. 1142.**

United States District Court
S. D. West Virginia,
Huntington Division.
May 20, 1963.

Glyn Dial Ellis, Logan, W. Va., for plaintiff.

Harry G. Camper, Jr., U. S. Atty., and George D. Beter, Asst. U. S. Atty., Huntington, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

Plaintiff seeks judicial review of the final decision of the Secretary of Health, Education, and Welfare that plaintiff was not entitled to a period of disability or to disability insurance benefits under sections 223 and 216(i) of the Social Security Act, as amended. For the reasons hereinafter stated, it is now found that the Secretary's decision is supported by substantial evidence and that defendant's motion for summary judgment should be granted.

On July 7, 1960, and September 22, 1960, plaintiff filed applications for disability insurance benefits and to establish a period of disability alleging that he became disabled in April, 1959, at approximately 48 years of age, because of second stage silicosis, arthritis, and hardening of the arteries. These applications were denied by the Bureau of Old-Age and Survivors Insurance, both initially and upon reconsideration. On May 18, 1962, a hearing examiner also found that plaintiff was not entitled to disability insurance benefits or to a period of disability. The Appeals Council denied plaintiff's request for review on July 5, 1962. Thereafter, on August 22, 1962, plaintiff brought an action in this court requesting judicial review of that decision. On motion of the defendant, this court, on October 15, 1962, remanded the case for further administrative action. The Appeals Council remanded the case to a hearing examiner. After remand a hearing examiner received additional evidence and recommended denial of plaintiff's claim in a recommended decision. On January 31, 1963, the Appeals Council rendered a decision adopting, with certain modifications, the recommended decision of the hearing examiner. This decision became the final decision of the Secretary which is now before this court for judicial review.

In order to meet the statutory definition of disability, plaintiff had to establish that he had been continuously precluded from engaging in any substantial gainful activity by a disabling impairment or impairments which began no later than December 22, 1960, the last effective date of his applications of July 7 and September 22, 1960. His special insured status continued up to March 31, 1963.

Plaintiff was born at Harts, West Virginia, on May 30, 1911. He is five feet nine inches tall and weighs approximately 222 pounds. He weighed approximately 233 at the time that he allegedly became unable to work.

Plaintiff began working in the coal mines when he was fourteen years of age. He continued to work in the mines for about twenty-two years, doing various jobs such as hand loading coal, operating a cutting machine, drilling coal, operating a loading machine, and setting timbers. In 1958, he ceased working in the

mines, not for physical reasons, but because he was "cut off." He then drew unemployment compensation, apparently until that source of income was exhausted. He then went to Cleveland, Ohio, where he worked for Manpower, Inc., an organization which supplies labor for many types of work whenever it is needed. Plaintiff performed such jobs as janitor and farm work. The record indicates that he worked for Manpower, Inc., from December, 1959, to March, 1960. The work records of the company indicate that plaintiff was a steady worker, and that he left that employment of his own volition.

Shortness of breath was plaintiff's most severe impairment according to his own testimony. He says that he observed this difficulty even while he was still working in the mines. He was awarded a lump sum payment for first stage silicosis by the West Virginia Silicosis Medical Board. Plaintiff testified that a doctor at Man, West Virginia, took X-rays and told him that he had second stage silicosis. The amount of the silicosis award was $1,000.00.

A further complaint of plaintiff is that of arthritis in his arms, legs, and shoulders. He says that he does not remember when the arthritis started, but that it got bad in 1960 and that it is getting worse. He complains of a loss of grip in his hands. He further stated that he has pain in the small of his back and that it extends up to the back of his head. He obtains temporary relief by taking aspirin. Plaintiff also states that he has bad eyes and cannot see well even with glasses.

Plaintiff has been examined by twelve or more doctors and has undergone many tests. It would serve no useful purpose to here detail this evidence. Much of it is cumulative and some is contradictory.

While plaintiff complains of shortness of breath, this was mostly on a subjective basis, and was not objectively demonstrated to any convincing degree. While X-rays are said to show silicosis, the evidence indicates that such silicosis is only mild in degree, and, at most, only mildly limited his activities. Generally, the reports indicate that his pulmonary reserve has been and is about normal. Pulmonary studies were made in 1959 and 1960, and indicate that his respiratory capacity was adequate for most work, and also indicated, at times, a lack of cooperation in the tests. His problem of obesity was a contributing factor with respect to what shortness of breath he had. The swelling in his legs was also due largely to such obesity. He had no glandular disturbance. Such obesity was due to his food intake and could be remedied with his cooperation. While obesity is a factor with respect to high blood pressure, the evidence indicates that elevated blood pressure was never a serious problem at the time here under consideration. The heart was normal, and as late as March, 1962, the electrocardiogram was normal and showed no heart muscle damage or cardiac disease.

He complained of pain in his back, but no X-ray evidence ever confirmed such back condition. Here again his weight would be a factor, and a reduction in weight would have helped such back pains.

There is no doubt that three of his fingers were limited in motion (middle, ring and little fingers of the hands) and he had some weakness of his left hand. He had full use of his legs, hips, knees, ankles, feet, shoulders, arms, elbows, and wrists. While he had some eye difficulty, his vision was sufficient for most work.

After this suit was instituted, the case was remanded for further evidence upon motion of the defendant; whereupon, plaintiff was examined at the request of the Government by Dr. Hassan Vaziri, an orthopedic surgeon, on November 26, 1962. Dr. Vaziri found only mild osteoarthritis (degenerative) combined with rheumatoid type of the finger joints, and no muscle spasm or limitation of motion of the neck. Bending of the back, forward and backward, was limited 50 percent according to plaintiff's subjective complaints of pain. There was no sen-

sory or motor disturbance, the ankles, hips, knees, shoulders, arms, and wrists were normal without swelling. He found an enlargement of the joints of the third finger of the left hand, with only slight weakness of the grasping power of the left hand. The index fingers and thumbs were normal, the impairment of the fingers mentioned above being his only orthopedic difficulty.

Some doctors expressed opinions that plaintiff was unable to work, while others indicate that he is able to work. These statements are not binding on the Secretary. These statements, however, must be and have been considered along with all other evidence of record, both subjective and objective, by this court in arriving at its decision.

Of particular significance is plaintiff's work record after the date of the onset of the alleged disability or disabilities. It is manifest that after April, 1959, the date of the alleged onset of his disability, plaintiff has worked, apparently successfully, in Cleveland, Ohio, performing many jobs. There is also no indication in the record that he ceased working in the Cleveland area because of health reasons. The same can be said as to the reason for his ceasing to work in the mines. He was simply laid off as the result of a reduction of work forces.

The Secretary has found that his physical difficulties cannot be said to have rendered him disabled within the meaning of the Act during the effective period of his applications. There is substantial and abundant evidence to support this finding. Assuming, without deciding, that his physical condition has deteriorated considerably since the expiration of his applications to the extent that he has become disabled, this would not justify a finding that plaintiff was disabled on or before December 22, 1960, the last effective date of his applications of July 7 and September 22, 1960.

It is the decision of this court that there is substantial evidence of record to support the final decision of the Secretary that plaintiff was not entitled to a period of disability or to disability insurance benefits under the applicable sections of the Act, as amended. Defendant's motion for summary judgment is granted.